UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JORGE QUINONES,

            Defendant.

**DECISION AND ORDER**

13-CR-83S

---

## I) INTRODUCTION

Pending before the Court is a motion (Dkt. No. 193) by defendant Jorge Quinones ("Quinones") for pretrial release on conditions including electronic monitoring. Quinones had not contested the Government's motion for detention because a state parole warrant operated as a detainer and made any request for bail effectively moot. The warrant lifted, however, on March 12, 2014. Quinones now argues that he faces relatively minor charges, that the Government has limited evidence against him, and that he has strong family ties to the area that mitigate any risk of flight. The Government and the United States Probation Office ("USPO") oppose release given the nature of the charges, the alleged occurrence of the pending charges while Quinones was on parole, and Quinones's criminal history.

The Court held a bail review hearing on September 24, 2014. For the reasons below, the Court denies Quinones's motion.

## II) BACKGROUND

This case concerns allegations that Quinones helped sell drugs in Western New York as part of a street gang called the Loiza Boys.  In the pre-indictment complaint filed against Quinones (Dkt. No. 1), the Government referred to confidential sources who bought heroin from Quinones directly or who either saw or overheard Quinones sell heroin to others.  Agents arrested Quinones on February 28, 2013.  The Court held an attorney appointment hearing on March 4, 2013, at which time Quinones waived his right to a detention hearing.  Quinones waived his right because state parole officials were obtaining a violation warrant against him that would operate as a detainer in the event of release.  The Court ordered Quinones detained as a danger but without prejudice.  (Dkt. No. 3.)  A grand jury indicted Quinones and nine others on April 5, 2013.  (Dkt. No. 10.)  In Count One of the indictment, the Government accused Quinones and others of conspiring to possess and to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846.  In Count Two, the Government accused Quinones and others of maintaining a drug premises in violation of 21 U.S.C. § 856(a)(1).  In Count Six, the Government accused Quinones of possession of heroin with intent to distribute on or about August 7, 2012, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  After a change of counsel and another detention hearing on April 29, 2013, Quinones again did not contest the Government's desire to keep him detained.  (Dkt. No. 33.)  Quinones decided again that the state parole

2

warrant made any request for bail at that time useless because it continued to operate as a detainer.

The expiration of the state parole warrant prompted Quinones to file the pending motion, which he has titled a motion for reconsideration. Quinones cites the lifting of the parole warrant on March 12, 2014 as a change of circumstances that warrants reconsideration. Quinones then proceeds to argue that the nature of the charges against him are relatively minor with respect to the burden that the Government carries to prove either a flight risk or danger. Assessing the weight of the evidence, Quinones contends that the Government has no wiretaps, recorded conversations, or physical evidence against him, though he does acknowledge the existence of statements that the Government claims that he made. Quinones then emphasizes his strong family ties in the local community and the potential for employment, factors that would mitigate against detention. Quinones concludes that the case has the potential for a due process concern, because continued "detention without bail will eventually result in a violation of his constitutional rights to due process and statutory rights under 18 U.S.C. § 3142." (Dkt. No. 193.)

The Government opposes the pending motion. In its opposition papers, the Government focuses on the standard for bail reconsideration and argues that the expiration of the state parole warrant does not meet that standard. In prior appearances, the Government emphasized the nature of the charges and the

3

presumption in favor of detention, along with Quinones's criminal history. The USPO highlights Quinones's criminal history in its opposition, including his two prior violent felony convictions that involved gun possession.

### III) DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions

4

could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

    As a preliminary matter, the Court will not apply the higher reconsideration standard to Quinones. Quinones has appeared twice previously for detention proceedings. In the first appearance on March 4, 2013, Quinones waived his right to a detention hearing because of the state parole warrant. This Court explicitly made its order of detention without prejudice. The second detention proceeding did not occur at Quinones's request. Following a change of counsel because of an attorney conflict, Magistrate Judge Leslie Foschio, covering for this Court, wanted new counsel to take his own position regarding detention. Counsel did not oppose the Government's renewed request for detention, again because of the state parole warrant. This procedural history means that until now, Quinones never addressed the Government's request for detention on substance. At least once before, Quinones was allowed to avoid the substance of the Government's request without prejudice. Avoiding the substance of the Government's request gets to the whole point of having a higher standard for any

sort of reconsideration motion—the need to avoid repeated motion practice and other proceedings once a litigant has been heard on the merits. That has not happened here. Without a contested detention proceeding in the record, the Court is reluctant to hold Quinones to the higher reconsideration standard. The Court thus will proceed with a consideration of the Section 3142(g) factors as if doing so in the first instance.

After due consideration, the Court finds that several factors weigh in favor of Quinones's detention. Quinones faces serious charges related to helping a street gang sell large quantities of narcotics. The charges are serious in themselves and also trigger a presumption in favor of detention, a presumption that Quinones has not rebutted. The lack of recorded conversations does not necessarily address the information from the pre-indictment complaint about observed drug transactions. Without infringing on the presumption of innocence, Quinones has admitted in his own motion papers that, at a minimum, the Government has statements that it claims that he made and that it claims are inculpatory. *Cf. U.S. v. Moorer*, 783 F. Supp. 2d 154, 159 (D.D.C. 2011) ("The Government has strong evidence against Bowman based on the controlled purchases of cocaine in 2010, his pattern of arranging meetings with potential customers, and his own inculpatory statements."). Quinones also has a significant criminal history. Quinones has a 2002 conviction for attempted criminal possession of a loaded firearm, third degree, a violent felony offense.

6

Less than a year later, while released on bail pending the gun charge, Quinones pled guilty to first-degree attempted robbery with display of a firearm.  Now, through the pending charges, Quinones again stands accused of committing a crime while on some form of release, this time parole.  *Cf. U.S. v. Hendon*, No. 08-CR-172, 2009 WL 2912906, at *2 (E.D. Wis. Sept. 10, 2009) (denying reconsideration of bail in part because "Defendant also has a serious prior record, and while he may not have previously served prison time, he does have convictions for escape and bail jumping."); *U.S. v. Barnett*, No. 5:03-CR-243, 2003 WL 22143710, at *12 (N.D.N.Y. Sept. 17, 2003) ("Every sentence of probation or parole requires a defendant to meet judicially imposed conditions, and violations of either are further evidence of a defendant's inability to comply with judicial mandates and supervision.  Evidence of new criminal behavior while other charges are pending inevitably leads to the conclusion that a defendant places his own self-interests above that of the community.  In turn, the community has a right to expect courts to protect it.").  Quinones's criminal history, particularly the bail and parole violations, indicates an unwillingness to abide by conditions of release that offsets his local ties.  *Cf. U.S. v. Griffin*, No. CR09-3018, 2009 WL 1220262, at *3 (N.D. Iowa May 4, 2009) ("While Defendant has long ties to the northeast Iowa area, he is currently unemployed.  Defendant has an extensive prior criminal record, both as a juvenile and as an adult.  Importantly, Defendant has consistently shown that he is unable or unwilling to

7

comply with conditions of release."); *U.S. v. Roman-Monroy*, 608 F. Supp. 2d 86, 88 (D.D.C. 2009) (ordering detention in part because of a bail jumping conviction); *accord U.S. v. Purdue*, No. 14-MJ-2066, 2014 WL 3846067, at *3 (W.D.N.Y. Aug. 4, 2014) (Scott, *M.J.*).

Under these circumstances, Quinones not only is facing serious charges with some question about inculpatory statements but also has established a history of deciding for himself whether release conditions will stop him from further offense conduct. The Court accordingly finds a danger by clear and convincing evidence. If subsequent developments or excessive delay in the case generate a change of circumstances then the Court may consider a request for reconsideration.

## IV) CONCLUSION

For all of the foregoing reasons, the Court denies Quinones's bail motion (Dkt. No. 193). Quinones will remain in custody pending trial.

Quinones will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, and pursuant to 18 U.S.C. § 3142(i)(3), the Attorney General must afford Quinones reasonable opportunity for private consultation with counsel. *See also U.S. v. Rodriguez*, No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014) (Scott, *M.J.*). Additionally, on

order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Quinones is confined must deliver Quinones to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order will be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

                                                                                    /s Hugh B. Scott
                                               HONORABLE HUGH B. SCOTT
                                               UNITED STATES MAGISTRATE JUDGE

DATED: October 10, 2014