UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

          v.

JORGE QUINONES,

          Defendant.

**DECISION AND ORDER**

13-CR-83S

---

**INTRODUCTION AND DISCUSSION**

When the Court last reviewed the detention status of defendant Jorge Quinones ("Quinones"), it found continued detention appropriate for several reasons. (*See* Dkt. No. 218.) The reasons included the nature of the charges, evidence of observed drug transactions involving Quinones, and a criminal history that included offenses committed while on bail or parole. Quinones has remained in continuous criminal custody since February 28, 2013.

Since the Court's last review, Quinones underwent a change of counsel, and new counsel has filed a motion for reconsideration of Quinones's detention. (Dkt. No. 340.) The primary concern that Quinones raises in the pending motion is the length of his detention. Quinones has been detained for over three years, putting aside for a moment any breakdown of that length of time to account for the pendency of a state parole warrant and any adjournments in which Quinones may have acquiesced. Quinones argues that his length of detention has become excessive under any circumstances and proposes conditions of release. Among

other conditions of release, Quinones proposes living with his girlfriend at her residence in the City of Buffalo.  The Government opposes release.  The Government argues that none of the substantive circumstances of the case have changed since the Court's last review.  The Government argues further that the pendency of the state parole warrant and any acquiescence in scheduling adjournments change the percentage of Quinones's total detention that is attributable to it.

    The Court held a bail review hearing on April 19, 2016.

    Once the Court has issued a detention order, as it has once before regarding this defendant, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event."  *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted).  Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened.  *See U.S.*

*v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, the Court appreciates new counsel's attempt to put Quinones's detention status in the best possible light. Nonetheless, the only circumstance that has changed since the Court's last review is the one that the Government cited at the bail review hearing and that occurred after the filing of the motion. On April 6, 2016, Judge Skretny adopted this Court's Report and Recommendation concerning the omnibus pretrial motions of all defendants, including Quinones. (Dkt. No. 349.) Judge Skretny has scheduled a status conference for May 16, 2016, presumably to set a trial date for later this year. (*See* Dkt. No. 351.) With the exception of one motion from a co-defendant—which this Court will resolve as expeditiously as the interest of justice will permit (Dkt. No. 353)—this case is ready for trial. Quinones's detention will not last much longer before the case goes to verdict. *See U.S. v. Briggs*, 697 F.3d 98, 104 (2d Cir. 2012) (denying defendant's motion for reconsideration of bail but without prejudice to "moving this court to recall the mandate and reinstate his appeal if the district court does not begin his trial, or set reasonable bail for him" within four months). Judge Skretny would be in a better position to address whether Quinones's concern about the pole camera video footage (Dkt. No. 340 at 5) will have an impact on trial scheduling, though it would seem that any

3

impact can be minimized.  Under these circumstances, the Court is content to let its prior detention order stand undisturbed.

**CONCLUSION**

For all of the foregoing reasons, the Court denies Quinones's motion for reconsideration (Dkt. No. 340).

SO ORDERED.

                                               __/s Hugh B. Scott_____
                                               HONORABLE HUGH B. SCOTT
                                               UNITED STATES MAGISTRATE JUDGE

DATED: April 28, 2016